# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### Civil Action No. 5:21-CV-00256-FL

| | |
|---|---|
| SHIBUMI SHADE, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>BEACH SHADE LLC and MATTHEW FINNERAN,<br><br>   Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE SECOND SUPPLEMENTAL DECLARATION OF DANE BARNES IN SUPPORT OF SHIBUMI SHADE'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## INTRODUCTION AND RELEVANT PROCEDURAL POSTURE

Plaintiff Shibumi Shade, Inc.'s ("Shibumi") late-filed Declaration of Dane Barnes and its forty (40) new accompanying exhibits should be stricken from the record, as the declaration constitutes an untimely declaration in support of Shibumi's motion for a preliminary injunction, which would unfairly prejudice Defendants Beach Shade, LLC ("Beach Shade") and Matthew Finneran ("Finneran") (collectively, "Defendants") by not affording them an adequate opportunity to respond.

On June 11, 2021, Shibumi filed the Complaint in this matter (ECF No. 1) and an Emergency Motion for Temporary Restraining Order (the "Motion") (ECF No. 3). The Motion was accompanied by a supporting Memorandum (ECF No. 4) and a Declaration by Dane Barnes (the "First Barnes Declaration") (ECF No. 5), one of the co-founders of Shibumi. On June 21, 2021, Shibumi filed a Supplemental Declaration of Dane Barnes (the "Second Barnes Declaration") (ECF No. 15).

The Court held a telephonic hearing with the parties on June 21, 2021, where the Court indicated that it would consider Shibumi's Motion in the context of a request for a preliminary injunction. At that hearing, the Court instructed the parties to submit a proposed schedule for briefing and hearing the preliminary injunction arguments, which the parties submitted on June 25, 2021 (ECF No. 17). On June 29, 2021, the Court entered the Consent Order (ECF No. 18), setting the hearing date for Shibumi's Motion for August 6, 2021 at 9:00 a.m.

1

In preparing the proposed Consent Order for the Court, Shibumi specifically declined the opportunity to submit a new motion for a preliminary injunction, to submit a new supporting brief, or to submit any additional evidence beyond the two previously submitted Declarations of Dane Barnes and their supporting exhibits.  Pursuant to the Consent Order, Defendants submitted their brief in opposition to the request for preliminary injunction (ECF No. 22) and supporting declarations (ECF Nos. 23-24), on July 14, 2021.

On Friday, July 30, 2021, Shibumi filed its reply brief (ECF No. 28).  In addition to its reply, Shibumi filed the Second Supplemental Declaration of Dane Barnes in Support of Shibumi Shade's Reply in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction (the "Third Barnes Declaration") (ECF No. 29), and attaching forty (40) new exhibits.

Because the Third Barnes Declaration and its accompanying 40 exhibits are untimely evidence in support of Shibumi's request for a preliminary injunction, they should be stricken from the record.

## LEGAL STANDARD AND ARGUMENT

Shibumi's late attempt to introduce substantial amounts of new evidence as part of its reply brief should not be allowed, as such supplementation is not appropriate under the Federal Rules of Civil Procedure and the Eastern District's Local Rules and would substantially prejudice Defendants by not affording them any opportunity to respond to these late additions.

Rule 6(c)(2) of the Federal Rules of Civil Procedure states:

(2) *Supporting Affidavit.* **Any affidavit supporting a motion must be served with the motion**. Except as Rule 59(c) provides otherwise, any opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time.

Fed. R. Civ. P. 6(c)(2) (emphasis added).

Likewise, Local Rule 7.1(e) states:

Except for motions which the clerk may grant as specified in Local Civil Rule 77.2, all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum in the manner prescribed by Local Civil Rule 7.2(a). Where appropriate, **motions shall be accompanied by affidavits or other supporting documents.**

2

L.R. 7.1(e) (emphasis added).  Similarly, Local Rule 7.2(f) contemplates that a responding party will file any "affidavits or other supporting documents" accompanying a response brief contemporaneously with the response.  The Local Rules do not make reference to, or contemplate, the filing of any additional affidavits or evidence with a reply.  *See* L.R. 7.1(g) – Replies.

Importantly, most District Courts in the Fourth Circuit have held that Rule 6(c)(2) "does not preclude affidavits supporting a reply brief when they respond to evidence supporting an opposition brief." *See Democracy North Carolina v. North Carolina State Board of Elections*, 1:20-CV-457, 2020 WL 4288103, at \*5 (M.D.N.C. July 27, 2020) (Slip Copy) (*citing Robinson v. Empire Equity Grp., Inc.*, 2009 WL 4018560, at \*2 & n.14 (D. Md. Nov. 18, 2009)).  However, an affidavit or declaration that is filed with a reply that is actually in support of the original motion or which raises new issues is improper. *Id.* (*citing Aldridge v. Marion County Coal. Co.*, 2017 WL 3446530, at \*5 (N.D. W. Va. Aug. 10, 2017)) ("In other words, affidavits may accompany a reply brief if they support the reply rather than the original motion.  Reply affidavits should not present new issues to which the opposing party will not have an opportunity to respond.")  Thus, a reply declaration or affidavit is only appropriate where it is "filed in response to **evidence supporting an opposition brief**." *Id.* (internal citation omitted) (emphasis added).

The purpose of this requirement is "to prevent unfair surprise by eleventh hour filings" because "a party may not file a motion unsupported by any evidence only to spring the evidence on the opposing party on a later date. *Id.* at \*6 (*citing McGinnis v. SE Anesthesia Assocs., P.A.*, 161 F.R.D. 41, 42 (W.D.N.C. 1995)) (explaining that by requiring "the supporting affidavits be filed simultaneously with the motion it supports," the opposing party is afforded "an opportunity to address the motion fully and squarely on its merits").  Thus, evidence not timely offered should be stricken where the other party does not have time to prepare an adequate repose. *Id.* at \*5.

In *Democracy North Carolina*, the Court rejected the plaintiffs' arguments that the defendants had adequate time to prepare a response where the plaintiffs filed 160 pages of new declarations with their reply brief in support of their request for a preliminary injunction, explaining:

3

> First, the filing of declarations in a reply precludes the non-moving party, Legislative Defendants, from providing a factual response to any information contained in the Reply declarations if those reply declarations contain new evidence that supports the original motion. Even assuming Legislative Defendants have sufficient time to respond, **they do not have a means to respond to new facts filed in support of the initial motion because that evidence is presented for the first time in a reply**. Second, Plaintiffs filed the Reply declarations at 9:53 p.m. on July 2, 2020. The oral argument on the preliminary injunction was scheduled for 9:30 a.m. on July 9, 2020. Legislative **Defendants have had less than seven days under any reasonable calculation of time**, particularly because of the intervening national holiday on July 4.

*Id.* (internal citations omitted) (emphasis added).

Here, Shibumi submitted a new ten-page declaration from Mr. Barnes on the afternoon of July 30, 2021, which included an additional 169 pages consisting of forty (40) new exhibits, including twelve (12) declarations from purported customers and twelve (12) declarations from purported retailers of the Shibumi Shade, as well as a selection of news articles published over the last two years related to the Shibumi Shade. In the same way that the Court in *Democracy North Carolina* concluded that seven (7) days was not enough time to prepare a response to 160 pages of new declarations, so, too, here is it not an adequate amount of time for Defendants to prepare a response to the 179-page filing which includes twenty-five (25) new declarations. Additionally, even if this were adequate time, Defendants do not have the opportunity to reply to this new evidence. Accordingly, Defendants would be materially prejudiced by allowing the Third Barnes Declaration to be considered.

Even more critically than the amount of the new content contained in Mr. Barnes' Third Declaration is the substance of that new evidence. While Shibumi styles the Third Barnes Declaration as being "in Support of Shibumi Shade's Reply[,]" it is apparent that the declaration actually supports the underlying Motion, not the reply. While the new declaration and its exhibits still fail to address the fatal deficiencies in Shibumi's motion for preliminary injunction, the new exhibits are clearly intended to bolster the Motion. These exhibits include declarations of customers and retailers about the alleged "distinctiveness" of the Shibumi Shade which could have been collected at any point prior to the filing of the Motion; several articles about the Shibumi Shade – most of which were published *prior* to the filing of the Motion or the entry of the Consent Order; and several letters from companies that sew the Shibumi

4

Shade for Shibumi, which again, could have been obtained prior to the filing of the Motion.  On its face, it is clear that the Third Barnes Declaration is not intended to rebut evidence introduced by Defendants, but is instead intended to bolster the initial Motion. Indeed, there is not a single reference in Shibumi's Reply or the Third Barnes Declaration even mentioning the Finneran Declaration or the Sar Declaration – the only evidence introduced by Defendants.  Instead, Shibumi attempts to respond to the *arguments* made by Defendants about Shibumi's deficient evidence by belatedly introducing new evidence in a failed[1] attempt to plug those holes.

Shibumi admits as much in its own reply, stating that "Shibumi now submits additional evidence of the very kind that BSL believes can establish acquired distinctiveness.  Specifically, Shibumi is submitting sworn declarations from 24 customers and retailers attesting to the distinctiveness of Shibumi's design[.]" (ECF No. 28, p. 7).  This is specifically the type of evidence that is *not* appropriate in a reply declaration.

An affidavit or declaration supporting a reply brief may be appropriate only where it "respond[s] to *evidence supporting an opposition brief."*  Here, Shibumi has not pointed to a single piece of evidence submitted in connection with Defendant's opposition that it is responding to with the Third Barnes Declaration.  Instead, Shibumi is simply using the Third Barnes Declaration as an attempt to correct the evidentiary deficiencies in its Motion raised by Defendant's *argument*.  Shibumi made the decision when to file its Motion, opted not to file any additional briefing in support of the Motion at the outset, and declined to engage in limited discovery related to the preliminary injunction.  It should not now be allowed to submit new evidence to fix those defects on the eve of the preliminary injunction hearing under the guise of responding to Defendants' brief.

Accordingly, Defendants respectfully request that the Court strike the Third Barnes Declaration for failing to comply with the Local and Federal Rules.

---

[1] Tellingly, Shibumi's new exhibits still fail to address the fundamental flaw in its argument: that Shibumi does not have any protectable trade dress and that its purported trade dress is entirely functional.

5

## CONCLUSION

For the foregoing reasons, Defendants Beach Shade LLC and Matthew Finneran respectfully request that this Court strike the Second Supplemental Declaration of Dane Barnes in Support of Shibumi Shade's Reply in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 29).

Respectfully submitted, this the 4th day of August, 2021.

/s/ Alan B. Felts
Jeffrey S. Southerland
NC State Bar No. 34221
Email: jsoutherland@tuggleduggins.com
Alan B. Felts
NC State Bar No. 42826
Email: afelts@tuggleduggins.com
TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, NC 27402
Tel: 336-378-1431


David W. Sar
N.C. State Bar No. 23533
Email: dsar@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336-271-3175
Facsimile: 336-232-9075
*Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was this date electronically filed and served on all parties to this action through the Court's CM/ECF system.

This the 4th day of August, 2021.

*/s/ Alan B. Felts*
Alan B. Felts
NC State Bar No. 42826
*Attorney for Defendants*

OF COUNSEL:

TUGGLE DUGGINS P.A.
P.O. Box 2888
Greensboro, NC 27402
Telephone: (336) 378-1431
Facsimile: (336) 274-6590

7
