# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| **SHIBUMI SHADE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21-CV-256-FL** |
| | ) | |
| **BEACH SHADE, LLC and** | ) | |
| **MATTHEW FINNERAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER TEMPORARY SEAL
CONFIDENTIAL FINANCIAL INFORMATION OF
DEFENDANT BEACH SHADE, LLC**

Pursuant to Fed. R. Civ. P. 26(c), and Local Rules 7.1 and 79.2, Defendant Beach Shade, LLC ("Beach Shade" or "Defendant"), through counsel, respectfully submits this Memorandum of Law in Support of is Motion to File Under Seal certain confidential financial information of Beach Shade.

## ARGUMENT

Defendant Beach Shade respectfully requests this Court enter an order allowing Beach Shade to file under seal (1) the Second Declaration of Matthew Finneran, and (2) portions of Beach Shade's Memorandum of Law in Support of its Motion for Reconsideration redacting the same sensitive financial information contained within the Second Finneran Declaration. The information sought to be sealed consists of confidential and competitively sensitive financial information, sales projections, and profit margins, the public knowledge of which could cause competitive harm to Beach Shade.

## I.     Legal Standards

Under Federal Rule of Civil Procedure 26(c)(1), a court may, for "good cause," order sealing or other limitations to protect a party's confidential information. The discretion afforded the court is broad, and must be "exercised in light of the relevant facts and circumstances of the particular case." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).

The Fourth Circuit has explicitly set forth the standards and procedure for maintaining documents under seal. A court considering a motion to maintain documents under seal must first determine the nature of the information and the public's right to access. *Stone v. Univ. of MD. Medical Sys., Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Sempowich v. Tactile Sys. Tech., Inc.*, No. 5:18-CV-488-D, 2020 WL 2789792, at *1 (E.D.N.C. May 29, 2020). Although there is a general presumption that the public has the right to access documents in the files of the courts, this presumption may be overcome "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

To grant a motion to seal, the Court must comply with certain substantive and procedural requirements. *Wash. Post*, 386 F.3d at 576. Substantively, the Court first must determine the source of the right of public access with respect to each document, or portion thereof, to be sealed. *Stone*, 855 F.2d at 180; *Hall v. United Air Lines, Inc.*, 296 F.2d 652, 679 (E.D.N.C. 2003). "The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Wash. Post*, 386 F.3d at 575. The strength of the public's right of access varies depending on which of these sources applies in a given case. *See U.S. Tobacco, Inc. v. Big South Wholesale of Virginia, LLC*, No. 5:13-CV-527, 2014 WL 2085332, *1 (E.D.N.C. May 19, 2014) (recognizing that the strength of the public's right of access varies depending on whether it is derived from common law or the First Amendment).

Where the documents sought to be sealed are not submitted in support of or opposition to any motion seeking dispositive relief, the right of access arises under common law, not the First Amendment. *See Covington v. Semones*, No. 7:06-CV-614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access."). Although there is a presumption that the public may have access to judicial records and documents, this access is proscribed by a party's right to privacy and to protect trade secrets and confidential and proprietary business information. *See Nixon*, 435 U.S. at 598 (noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Glaxo Inc. v. Novopharm Ltd.*, 931 F. Supp. 1280, 1299 (E.D.N.C. 1996). "The 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm' is a recognized exception to the 'presumptive openness of judicial proceedings.'" *Sempowich*, 2020 WL 2789792 at *2 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Wash. Post*, 386 F.3d at 575. The presumption "can be rebutted if countervailing interests heavily outweigh the public interest in access." *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether the release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Procedurally, the district court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F. 3d at 302. Notably, however, public notice is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Blow v. Murphy-Brown, LLC*, No. 7:14-CV-232, 2021 WL 6106213, at *1 (E.D.N.C. May 19, 2021).

## II. Beach Shade's Confidential Financial Information Should Remain Under Seal.

Beach Shade respectfully moves for the Court to enter an order allowing it to file under seal the confidential portions of its Memorandum in Support of Motion for Reconsideration and its supporting Declaration. The limited financial material included the Memorandum reflects information that Beach Shade considers proprietary, sensitive, and/or otherwise confidential business information, and would result in harm to Beach Shade if made public.

### A. Beach Shade's interest in protecting its confidential information outweighs the public interest in access.

Here, Beach Shade seeks to seal portions of its Memorandum in Support of its Motion for Reconsideration. This Motion is a non-dispositive, pre-trial motion that has no bearing on the substantive rights of the parties and, therefore, does not implicate the public right of access guaranteed by the First Amendment. *See, e.g.*, *Wash. Post*, 386 F.3d at 580. Accordingly, the lesser right of access under the common law is applicable to determine whether the Court should seal portions of Beach Shade's Memorandum and supporting Declaration.

In applying this standard, the courts have repeatedly recognized that a party's interest in protecting proprietary, sensitive, or otherwise confidential information from public dissemination will often outweigh the public's interest in accessing such information. *See Nixon*, 435 U.S. at 598

4

(noting that public access may be inappropriate for "business information that might harm a litigant's competitive standing"); *Sempowich*, 2020 WL 2789792 at \*4 (collecting cases and finding that sealing the information was "essential to protect its confidential information"); *Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm[ ] by public disclosure"). Therefore, sealing of this limited information is appropriate.

**B.  Beach Shade's request complies with the Fourth Circuit's procedural requirements.**

### 1. *Public Notice requirements have been satisfied.*

The Fourth Circuit requires that the public be provided notice of any request to seal judicial documents and a reasonable opportunity to object to any such request. *Ashcraft*, 218 F.3d at 302. This requirement is satisfied through the docketing of a party's motion to seal. *Stone*, 855 F.2d at 181; *Blow*, 2021 WL 6106213, at \*1. At this time, Beach Shade is not aware of any party that objects to this motion, however, the public will have sufficient time to respond and lodge any objections before the Court is anticipated to rule on this motion.

### 2. *Beach Shade seeks a less drastic alternative than sealing the entire Memorandum.*

Under Federal law, the redaction of confidential material is generally considered a less drastic alternative to filing an entire document or motion under seal. *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at \*2 (E.D.N.C. Mar. 15, 2013) (allowing in part motion to seal confidential pricing, market strategies, expense information, and revenue and revenue growth information and directing copies with only redacted information be filed); *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at \*9 (M.D.N.C. June 20, 2013), *aff'd,* 584 F. App'x 42 (4th Cir. 2014). Recognizing this preference, Beach Shade has carefully selected those portions

of their Memorandum that require redacting, such that it proposes only the most sensitive information be omitted from the public record. The portions of the Memorandum that Plaintiffs seek to maintain under seal constitutes limited information on two pages of a nearly 30-page brief, meaning that only an extremely small percentage of the brief would be shielded from the public.

At the present time, Beach Shade is not aware of any less drastic means for protecting its sensitive commercial and financial information from public disclosure than the minimal redactions proposed here.

### 3. Specific facts support sealing the requested information.

The contents of the Second Finneran Declaration, and the reference to such information redacted from the Memorandum, relates to confidential sales projections for Beach Shade, and information regarding its profit margins. The public dissemination of such detailed, confidential financial information would be harmful to Beach Shade, and limit its ability to effectively compete in the marketplace. *See SMD Software*, 2013 WL 1091054, at *1. Accordingly, maintaining this limited information under seal is appropriate.

### CONCLUSION

For the forgoing reasons, Beach Shade respectfully requests this Court grant this Motion to Seal and maintain the Second Finneran Declaration and the unredacted version of the Memorandum in Support of Beach Shade's Motion for Reconsideration under seal.

6

Dated: March 22, 2022

Respectfully Submitted,

WILLIAMS MULLEN

By: */s/ Richard T. Matthews*
Richard T. Matthews
N.C. Bar. #32817
Robert C. Van Arnam
N.C. Bar # 28838
Andrew R. Shores
N.C. Bar # 46600
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax:  (919) 981-4300
rmatthews@williamsmullen.com
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Attorneys for Defendants*

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 22, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of electronic filing to all counsel of record:

WILLIAMS MULLEN

By: */s/ Richard T. Matthews*
    Richard T. Matthews
    N.C. Bar. #32817
    Robert C. Van Arnam
    N.C. Bar # 28838
    Andrew R. Shores
    N.C. Bar # 46600
    P.O. Drawer 1000
    Raleigh, NC 27602-1000
    Telephone: (919) 981-4000
    Fax: (919) 981-4300
    rmatthews@williamsmullen.com
    rvanarnam@williamsmullen.com
    ashores@williamsmullen.com

    *Attorneys for Defendants*