# EXHIBIT P



May 27, 2021

**Via FedEx and Email (info@beachshade.com)**

**Beach Shade LLC**
**Attn: Matthew Finneran**
**1607 Royal Red Trl**
**Apex, NC 27502**

Womble Bond Dickinson (US) LLP

271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017

t:  404.872.7000
f:  404.888.7490

**Re:        Infringement of Shibumi Shade Intellectual Property**

Preston H. Heard
Direct Dial: 404-888-7366
Direct Fax: 404-879-2966
E-mail:Preston.Heard@wbd-us.com

Dear Mr. Finneran:

This firm represents Shibumi Shade in connection with general business and intellectual property matters.  Shibumi Shade was founded in 2015 by two brothers and a longtime friend who grew up visiting Emerald Isle, North Carolina together every summer.  The founders recognized the problems with traditional beach umbrellas, which were flimsy, bulky, and difficult to assemble and set out to create a new design that would be both lightweight and easy to assemble.  The founders worked for more than a year out of their home to perfect their design for the ideal beach shade. Today, Shibumi Shade is used and sold throughout the United States and has gained widespread recognition for its superior design and the quality of its products, which are still sewn in the United States and sold through its website, www.shibumishade.com, and in limited quantities at select retail locations.

As Shibumi Shade's popularity grew, the founders set out to protect their designs and intellectual property.  Shibumi Shade makes every attempt to protect its intellectual property rights, to protect its reputation, and to protect its customers from confusion in the marketplace.  To that end, Shibumi Shade has obtained two issued patents to-date, U.S. Patent No. 10,753,117 (the "'117 Patent") and U.S. Patent No. 10,190,330 (the "'330 Patent"), with multiple additional utility and design patent applications pending, including Publication No. 16/987,886 and Application Nos. 17/232,799, 29/709,175, and 29/753,433. Shibumi Shade also enjoys strong trade dress protection through its well-known and highly distinctive designs.  Indeed, Shibumi Shade's trade dress is subject of trademark application Ser. No. 90694287 pending with the U.S. Patent and Trademark Office.

It has recently come to Shibumi Shade's attention that you are making, using, offering for sale, and/or selling the below shades through your website (https://beachshade.com/) which infringe one or more claims of the '117 Patent and/or the '330 Patent:

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

















The shades depicted above meet each and every element of one or more claims of the '117 Patent and/or the '330 Patent. *See Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002) ("To prove infringement, the patentee must show that the accused device meets each claim limitation either literally or under the doctrine of equivalents. . . . Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim. . . . Infringement under the doctrine of equivalents requires the patentee to prove that the accused device contains an equivalent for each limitation not literally satisfied."). To the extent you believe that your shade has successfully "designed around" Shibumi Shade's patented design, you are incorrect. Your shades otherwise contain, either literally or under the doctrine of equivalents, every element of one or more claims of the '117 Patent and/or the '330 Patent. The shades depicted above also satisfy one or more claims of Shibumi Shade's pending design and utility patent applications.

In a telephone conversation with Shibumi Shade co-founder Dane Barnes on May 24, 2021, you admitted to being aware of Shibumi Shade's patents prior to launching your infringing product but believed that your shades had successfully designed around Shibumi Shade's intellectual property, which as explained above they have not. During the telephone call, you also indicated that you were interested in entering into a joint venture with Shibumi Shade to develop and distribute your infringing shades but were advised not to approach Shibumi Shade with your proposal over concerns of allegations of copying, which Shibumi Shade interprets as a tacit acknowledgement that you were aware of the probability that your shades infringe Shibumi Shade's patents and other intellectual property. You also stated that you had ordered approximately 1,000 infringing products from a supplier overseas and intended to distribute them, which actions surely constitute willful infringement of Shibumi Shade's intellectual property.



Additionally, your products copy the "total image and overall appearance" of Shibumi Shade, including its "size, shape, color or color combinations, texture, [and] graphics" and therefore infringe Shibumi Shade's trade dress under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). *Ashley Furniture Indus., Inc. v. SanGiacomo N.A. Ltd.*, 187 F.3d 363, 368 (4th Cir. 1999) (quoting *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764 n.1, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992)); *Converse, Inc. v. ITC*, 909 F.3d 1110, 1123-24 (Fed. Cir. 2018). As shown in the above photographs, your shades copy distinctive, non-functional elements of the Shibumi Shade design, including the distinctive blue color of the Shibumi Shade. Your product also appears to use the same, or substantially similar, fabric to Shibumi Shade, is similar in size and shape to Shibumi Shade, and comes with a black carrying case similar to Shibumi Shade's design. In addition, the suspended blue canopy design distinctively waves in the wind creating the same visual impression on consumers when viewed on the beach. Further, your products are marketed to the same consumers and are marketed and sold through the same channels as the Shibumi Shade (i.e., online). Overall, the design of your products is so similar to that of the highly distinctive Shibumi Shade as to give the false impression that your products originate from, are endorsed by, or are otherwise affiliated with Shibumi Shade, thus leading to a high likelihood of consumer confusion, mistake, and deception as to the source of your products. Indeed, in the telephone conversation noted above you admitted that Shibumi Shade is a high quality product, made of quality materials, and that Beach Shade is not as good and made of inferior materials. Your obvious copying of Shibumi Shade's trade dress suggests a specific intent to cause such confusion, mistake, and deception, and also to potentially erode the goodwill Shibumi Shade has created with its customers by introducing your inferior quality product.

Receipt of this demand letter constitutes notice of Shibumi Shade's patent rights and that your products infringe at least claim 1 of the '117 Patent and/or the '330 Patent in addition to infringing Shibumi Shade's trade dress. Should you continue to make, use, offer for sale, and/or sell infringing shades following receipt of this demand letter, Shibumi Shade will consider your actions to constitute willful infringement under 35 U.S.C. § 284. As such, you may be liable for enhanced damages and attorneys' fees incurred by Shibumi Shade to enforce its rights.

Please be advised that by making, using, offering for sale, and/or selling the above shades you are infringing one or more of Shibumi Shade's valid issued utility patents and other intellectual property. While Shibumi Shade welcomes fair and honest competition in the marketplace, it is not prepared to allow its protected design and reputation to be damaged. On behalf of Shibumi Shade, we therefore demand that you:

1) Immediately cease and desist from all further activity that infringes Shibumi Shade's intellectual property rights;

2) Permanently remove the infringing shades and all images thereof from your website, and any other medium through which you sell your infringing shades, including but not limited to Instagram and Facebook;

3) Notify your customers that you will no longer be making, using, offering for sale, and/or selling infringing shades; and

4) Confirm in writing that you have complied with the terms set forth herein and that you will not infringe on any of Shibumi Shade's intellectual property rights in the future.



Please respond in writing **no later than June 4, 2021** to confirm your intention to comply with this request and to inform us of the date on which we can expect compliance to the terms set forth herein. You are specifically advised that any failure or delay in complying with these demands may compound the damages for which you may be liable. If Shibumi Shade does not receive a satisfactory response by the above date, Shibumi Shade is prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice to you.

This letter is without prejudice to the rights and remedies of Shibumi Shade, all of which are expressly reserved. We trust that this matter can be resolved amicably, and we look forward to your prompt reply.

Sincerely,

**Womble Bond Dickinson (US) LLP**

*/s/ Preston H. Heard*

Preston H. Heard

Enclosure

cc: Lauren Anderson, Esq. (*via email* – lauren.anderson@wbd-us.com)
Lauren Baker, Esq. (*via email* – lauren.baker@wbd-us.com)