# EXHIBIT T

| | |
|---|---|
| **From:** | Heard, Preston |
| **Sent:** | Friday, June 11, 2021 11:21 AM |
| **To:** | Hurt, Blake P. |
| **Cc:** | Pam Dillon; Felts, Alan B.; Baker, Lauren; Anderson, Lauren; Ney, Angela; Hartzell, Samuel |
| **Subject:** | RE: Alleged Infringement of Shibumi Intellectual Property |

Mr. Hurt,

Thank you for the reply.  Your opening paragraph bolsters my point that Shibumi Shade stands to suffer irreparable harm if Mr. Finneran does not immediately cease his infringing activity.  Regarding the meeting between the principals, I did not lodge any "unfounded allegations."  As Mr. Finneran was aware, the meeting was recorded, so we do in fact have the evidence to support the statements.

Because your client has refused to cease his infringement, Shibumi Shade has no other choice but to seek immediate emergency relief from the Court.  To that end, we are preparing to file a complaint and a motion for a temporary restraining order against Beach Shade LLC and Mr. Finneran this afternoon.  This filing will include the claim charts you have requested.

I sincerely appreciate that this puts you personally in a difficult position with your stated plan to be out of office next week.  As a matter of professional courtesy, you should know it is not my intention to ruin a vacation or time away – the immediacy of our filing is simply a reflection of how serious and urgent this matter is to Shibumi Shade.  If your client would immediately cease production, sales, and marketing of his Beach Shade products, there would be no need for this action and you and I could further discuss this matter upon your return.

Lastly, you reference Mr. Finneran's willingness to "waive service" of any suit.  By this do you mean that you will accept service on his behalf, or only that he will agree to a "waiver" under the federal rules which provides an extended timeline for responding to a complaint?  If the former, we will serve the complaint, motion, and supporting papers to you by email upon filing.  Please confirm.

Best regards,
Preston

**From:** Hurt, Blake P. <BHurt@tuggleduggins.com>
**Sent:** Wednesday, June 9, 2021 5:35 PM
**To:** Heard, Preston <Preston.Heard@wbd-us.com>
**Cc:** Pam Dillon <PDillon@tuggleduggins.com>; Felts, Alan B. <AFelts@tuggleduggins.com>; Baker, Lauren <Lauren.Baker@wbd-us.com>; Anderson, Lauren <Lauren.Anderson@wbd-us.com>
**Subject:** RE: Alleged Infringement of Shibumi Intellectual Property

Mr. Heard,

  Thank you for your prompt reply.  As I noted previously, Finneran takes these allegations very seriously and is working diligently to investigate the grave allegations made by your client.  While I can certainly appreciate your desire for a "relatively quick turnround", you can't seriously be surprised about the launch of a beach umbrella coinciding with

Memorial Day weekend…you said it yourself, it is the start of the summer season.  Further, you have provided no justification to support your contention that time is "truly" of the essence, and any alleged harm to your client is in no way irreparable.

  I too was informed of the meeting between our respective clients, and while I can appreciate your frustration regarding this situation, I do not appreciate your unfounded allegations: 1) that my client admitted to copying the Shibumi Shade; and 2) that my client "asked to be paid off to stop his infringement."  Unless you are in possession of evidence to support this rhetoric, which I hereby request to see at your earliest convenience, I trust this will be the last time that you talk about my client is such a negative light.  Mr. Heard, surely an attorney at your level represents many corporate clients who see "legal" as little more than a cost center, and these clients routinely engage in settlement conversations without counsel to facilitate the resolution of a conflict.  That is all that happened here, and there is absolutely no basis to be claiming that my client engaged in willful infringement.

  I am disappointed by your decision not to grant my client and I a reasonable extension to vet your client's claims, but such is life.  Further, I note that you have ignored my request for a claim chart.  If you have not already conducted the analysis, I would encourage you to do so, as I trust you will discover Shibumi's patents are not so broad so as to cover every iteration of a beach umbrella that merely resembles the Shibumi Shade.  In any event, Finneran must respectfully decline your request "to immediately halt sales and destroy existing inventory."  In addition to professional courtesy, I requested a brief extension as I will be out of the office next week with limited access to phone and email.  While we remain of the opinion that this dispute can be filed without further legal action, I am authorized to inform you that Finneran is willing to waive service of said suit.   Please feel free to reach out if you have any additional questions or concerns.

Sincerely,

Blake P Hurt
Registered Patent Attorney
Tuggle Duggins P.A.
400 Bellemeade Street, Suite 800
P.O. Box 2888 - 27402
Greensboro, NC  27401
T 336-271-5252 | F 336-274-6590
BHurt@tuggleduggins.com
www.tuggleduggins.com

**TUGGLE** **DUGGINS**

| NOTICE: | DISCLOSURE: |
|---|---|
| Legally privileged and confidential information may be contained in this message and is intended only for the use of the individual or entity to whom it is addressed. Any dissemination, distribution, printing or copying of this material by anyone other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately. | Accounting, business or tax advice, if any, contained in this communication, including attachments, is not intended as a thorough analysis of specific issues, or a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. |

**From:** Heard, Preston [mailto:Preston.Heard@wbd-us.com]
**Sent:** Monday, June 7, 2021 8:18 PM
**To:** Hurt, Blake P. <BHurt@tuggleduggins.com>
**Cc:** Pam Dillon <PDillon@tuggleduggins.com>; Felts, Alan B. <AFelts@tuggleduggins.com>; Baker, Lauren

2

<[Lauren.Baker@wbd-us.com](mailto:Lauren.Baker@wbd-us.com)>; Anderson, Lauren <[Lauren.Anderson@wbd-us.com](mailto:Lauren.Anderson@wbd-us.com)>
**Subject:** RE: Alleged Infringement of Shibumi Intellectual Property

**This Message originated outside your organization.**

Dear Mr. Hurt,

Thank you for your email and acknowledging receipt of my letter.  As requested, we will direct future correspondence to your attention.  While we appreciate that we asked for a relatively quick turnaround, this is due to your client's decision to launch its infringing product at the opening of the summer season – indeed, Memorial Day Weekend is/was an important and busy sales period.  Time is truly of the essence, as each additional sale of the infringing Beach Shade product harms Shibumi Shade, even irreparably.

Further, your client met with our client this past Thursday evening, and not only essentially admitted to copying Shibumi Shade, but brazenly asked to be paid off to stop his infringement.  Finneran admitted that the Beach Shade product is an inferior and lower-cost product than Shibumi Shade, thereby cementing the irreparable harm Beach Shade is causing Shibumi Shade in the marketplace.  It didn't stop there, because over the weekend we learned that Beach Shade had launched on [Amazon](Amazon).  Rather than cease infringement, your client has decided to increase its willful infringement.

As a result, we cannot give you two additional weeks to investigate this matter.  (Relatedly, we understand Mr. Finneran has long known about at least some of Shibumi Shade's patent rights.)  We can extend the period to COB Wednesday, June 9.  If Beach Shade does not confirm its intention to immediately halt sales and destroy existing inventory by then, however, Shibumi Shade will be forced to take action to enforce its IP and seek all available remedies, including by filing an emergency motion with the federal district court against Beach Shade and Mr. Finneran in his personal capacity by the end of this week.


Best regards,
Preston


**Preston Heard**
Partner
Womble Bond Dickinson (US) LLP

**d:**  404-888-7366
**m:** 202-280-8444
**e:**  [Preston.Heard@wbd-us.com](mailto:Preston.Heard@wbd-us.com)

Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017



**wemblebonddickinson.com**

  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see [www.womblebonddickinson.com/us/legal-notice](http://www.womblebonddickinson.com/us/legal-notice) for further details.

**From:** Hurt, Blake P. <[BHurt@tuggleduggins.com](mailto:BHurt@tuggleduggins.com)>
**Sent:** Wednesday, June 2, 2021 11:11 PM

Dear Mr. Heard,

 This firm represents Mr. Matthew Finneran and Beach Shade LLC (collectively "Finneran") in certain intellectual property matters.  We are in receipt of your letter dated 5/27/21, wherein your client Shibumi Shade (herein "Shibumi") alleges infringement by Finneran of a range of intellectual property rights purportedly owned by Shibumi.  We respectively ask that all further correspondence regarding this matter be directed to our attention.

 While we assure you that Finneran takes the allegations asserted by Shibumi, and indeed the valid intellectual property rights of all market participants, very seriously, the proposed response deadline of 6/4/2 is simply not feasible, particularly in view of the recent long holiday weekend.  We respectively request a brief extension until 6/18/21 to properly investigate the allegations asserted by Shibumi.

One final observation of note: the lack of any claim chart to substantiate the serious accusations leveled by Shibumi against Finneran was a conspicuous absence with respect to a claim of patent infringement.  As a matter of professional courtesy, in addition to the obvious efficiency in establishing Shibumi's position with respect to the allegation of patent infringement, Finneran hereby requests you either: 1) provide a claim chart articulating the specific claim limitations of the '117 and/or the '330 Patent(s) while identifying with particularity the embodiment/s of Finneran product(s) that practice the same; or 2) expressly confirm that no such analysis has been performed at this time.

Please confirm receipt.  This communication is written without any prejudice to the rights and remedies of Finneran, either at law or equity.  To the extent the same require an expressed reservation of right, they are hereby expressly reserved.

Sincerely,

Blake P Hurt
Registered Patent Attorney
Tuggle Duggins P.A.
400 Bellemeade Street, Suite 800
P.O. Box 2888 - 27402
Greensboro, NC  27401
T 336-271-5252 | F 336-274-6590
BHurt@tuggleduggins.com
www.tuggleduggins.com



| NOTICE: | DISCLOSURE: |
|---|---|
| Legally privileged and confidential information may be contained in this message and is intended only for the use of the individual or entity to whom it is addressed. Any dissemination, distribution, printing or copying of this material by anyone other than the intended recipient is strictly prohibited. If you have received this communication in error, please notify us immediately. | Accounting, business or tax advice, if any, contained in this communication, including attachments, is not intended as a thorough analysis of specific issues, or a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. |