# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| SHIBUMI SHADE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: 5:21-cv-256 |
| | ) | |
| v. | ) | |
| | ) | |
| BEACH SHADE LLC, and | ) | |
| MATTHEW FINNERAN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Shibumi Shade, Inc. ("Shibumi") submits this Reply in support of its Motion for Leave to File Amended Complaint adding claims of declaratory judgment for three newly issued patents pursuant to Federal Rule of Civil Procedure 15(a).

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT..........................................................................................................1

        A.      Shibumi's Amended Claims Are Not Speculative...................................... 1

        B.      Defendants Misstate the Law on Cases and Controversies ..................................... 3

        C.      A Case or Controversy May Exist When a Preliminary Injunction Prevents Infringement................................................................................................. 5

        D.      Defendants' Arguments Lead to Nonsensical Results............................................ 5

        E.      Shibumi Did Not Delay and Defendants Cannot Show Undue Prejudice .............. 6

        F.      Defendants' Approach Would Be Grossly Inefficient for Both the Courts and the Parties ............................................................................................... 8

III.  SHIBUMI IS ENTITLED TO ITS ATTORNEYS' FEES.......................................10

IV.  CONCLUSION ...................................................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Inverness Med. Tech.*,
No. Civ. A. 98-10674, 2002 WL 1906533 (D. Mass. Aug. 19, 2002) ...................................... 8

*Adenta GmbH v. OrthoArm, Inc.*,
501 F.3d 1364 (Fed. Cir. 2007)............................................................................................ 5

*Aten Int'l Co., Ltd v. Emine Tech. Co.*,
No. SACV09-0843AGMLGX, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010)........................ 9

*Cardinal Chem. Co. v. Morton Int'l,*
508 U.S. 83 (1993)............................................................................................................. 4

*Chafin v. Chafin*,
568 U.S. 165 (2013)........................................................................................................... 6

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......................................................................................................... 10

*Church Mut. Ins. Co. v. Storm Team Constr., Inc.*,
No. 2:21-CV-31-D, 2022 WL 990511 (E.D.N.C. Mar. 31, 2022)........................................ 6

*Davis v. Piper Aircraft Corp.*,
615 F.2d 606 (4th Cir. 1980) ............................................................................................. 7

*Hewlett-Packard Co. v. Acceleron LLC*,
587 F.3d 1358 (Fed. Cir. 2009)........................................................................................... 4

*High 5 Games, LLC v. Marks*,
No. 13-7161 (JMV), 2017 WL 349375 (D.N.J. Jan. 24, 2017) .......................................... 9

*Intel Corp. v. Amberwave Sys. Corp.*,
233 F.R.D. 416 (D. Del. 2005) ........................................................................................... 8

*Kenan v. Robert Half Int'l Inc.*,
No. 3:18-CV-00490-GCM, 2019 WL 2366451 (W.D.N.C. June 3, 2019) ........................... 9

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472 (1990)........................................................................................................... 6

*Maryland Cas. Co. v. Pac. Caol & Oil Co,*,
312 U.S. 270 (1941)........................................................................................................... 4

*Mayfield v. NASCAR, Inc.*,
674 F.3d 369 (4th Cir. 2012) ............................................................................................. 6

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)............................................................................................... 1, 3, 4, 6

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
571 U.S. 191 (2014)........................................................................................................... 5

*Micron Tech., Inc. v. Mosaid Techs., Inc.,*
   518 F.3d 897 (Fed. Cir. 2008)........................................................................................... 3, 5

*Micron Tech., Inc. v. Rambus Inc.,*
   409 F. Supp. 2d 552 (D. Del. 2006) ...................................................................................... 8

*Paice LLC v. Hyundai Motor Co.,*
   No. WDQ-12-0499, 2013 WL 6709023 (D. Md. Dec. 17, 2013)................................................ 8

*Procter & Gamble Co. v. McNeil-PPC, Inc.,*
   No. 98–361, 1998 WL 1745118 (D. Del. Dec. 7, 1998)............................................................. 8

*SanDisk Corp. V. STMicroelectronics, Inc.,*
   No. C 04-4379 JF (RS), 2009 WL 1404689 (N.D. Cal. May 2009)............................................ 8

*Space Data Corp. v. X,*
   No. 16-CV-03260-BLF, 2017 WL 3007078 (N.D. Cal. July 14, 2017) ...................................... 8

*SZ DJI Tech. Co. v. Yuneec Int'l Co.,*
   No. ED CV 16-0595-BRO (KKx), 2016 WL 9150618 (C.D. Cal. Dec. 1, 2016) ...................... 6

*Vineyard Investigations v. E. & J. Gallo Winery,*
   No. 119CV01482NONESKO, 2021 WL 4896199 (E.D. Cal. Oct. 20, 2021) .......................... 7

**Statutes**

35 U.S.C. § 271 ............................................................................................................................. 5

## I. INTRODUCTION

Unable to rebut the veracity of Shibumi's allegations relating to the New Patents, Defendants instead hide behind the Court's Preliminary Injunction Order which temporarily halted their infringing conduct, arguing that infringement of the newly issued patents is now too speculative to give rise to a cause of action. Defendants' Opposition (Dkt. 80, "Opp.") suffers from several fatal deficiencies including misstating the law regarding the requirements for declaratory judgment actions and proposing judicial inefficiencies and nonsensical results. Defendants cite no authority for the proposition that a temporary injunction in an ongoing dispute can remove the "case or controversy" required for declaratory judgment jurisdiction. In fact, Defendants wholly ignore the leading Supreme Court case on declaratory judgment jurisdiction in patent disputes, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), and fail to address the relevant factors for whether leave to amend should be granted. Defendants ask the Court to walk down an illogical path that would lead Shibumi to file a second suit to assert the New Patents, despite the interconnectedness between the original claims regarding the Initial Patents and the new claims regarding the New Patents. Put simply, Shibumi's Amended Complaint seeks to add patents central to Defendants' infringing conduct that have issued since filing the Initial Complaint. Shibumi's Amended Complaint creates no prejudice to Defendants, is not futile, and is brought in good faith for purposes of a complete and efficient resolution of the dispute between the parties. Shibumi's Motion for Leave should be granted.

## II. ARGUMENT

### A. Shibumi's Amended Claims Are Not Speculative

Defendants set up strawman arguments that misrepresent the dispute by describing Shibumi's claims based on the New Patents as being "speculative," "subjective," and "purely subjective apprehension." Opp. at 10-11. But the new claims involve infringement of <u>particular</u>

1

patents (the '690, '103, and '904 Patents) by <u>particular</u> products (Beach Shade's beach shading system) that Defendants have consistently claimed they have the right and ability to make and sell. Shibumi's new claims are cut and dry—they are applicable in the same way as in the initial Complaint and involve the exact same product. There is already an existing case with an undeniable controversy based on the same Accused Products. Shibumi's new claims are far from speculative.

Nor is Shibumi engaged in a "fishing expedition" as Defendants assert. Opp. at 13. As Defendants admit, "Shibumi's Amended Complaint identifies claims of the New Patents." Opp. at 12. Indeed, though not required at the pleading stage, the Amended Complaint provides claim charts showing how every element of at least one claim from each New Patent is found in the accused Beach Shade product. Therefore, contrary to Defendants' allegations, Shibumi has pleaded specific facts relating to asserted claims for each patent, which is all that is required at this stage.

Defendants further describe the Amended Complaint as seeking an "advisory opinion." Opp. at 1, 11, 14-15, 17. However, Shibumi seeks specific relief, not a vague statement of law. Indeed, a finding of infringement of the New Patents could support injunctive relief even if the Initial Patents were found to be invalid or not infringed. Defendants liken this case to one where the accused product is yet to be developed, but that is not the case here. Defendants even spuriously claim that Shibumi has not met its Rule 11 obligation to investigate diligently before filing suit. Opp. at 17. To the contrary, the New Patents apply to the same Beach Shade products accused in the initial Complaint, which Defendants maintain do not infringe any

2

Shibumi patents and should be allowed on the market.[1]

### B. Defendants Misstate the Law on Cases and Controversies

By arguing that there is no "case or controversy," Defendants misstate the law regarding the constitutional standing requirement. Opp. at 6-8, 10. Defendants wrongly assert that a "case or controversy" exists only when a legal right is actively violated. In other words, Defendants argue that any threatened legal violation that is not a current legal violation cannot satisfy the case or controversy requirement. Specifically, Defendants claim that because the Preliminary Injunction Order stops them from making the Accused Product, there cannot be a case or controversy regarding the New Patents. However, this is not the law. Courts frequently resolve cases based on threatened violations of rights, just as the claims in Shibumi's Amended Complaint allege. In fact, the Supreme Court rejected the bright-line approach that Defendants now strive to resurrect when it allowed a "case or controversy" for the purposes of Article III and the Declaratory Judgment Act. *MedImmune, Inc.*, 549 U.S. at 137 (2007); *see also Micron Tech., Inc. v. Mosaid Techs., Inc.,* 518 F.3d 897, 902 (Fed. Cir. 2008) ("[T]he now more lenient legal standard facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases.") (citations omitted). In *MedImmune*, the plaintiff sought a declaratory judgment that it did not need to pay royalties to a patent owner under the terms of a contract because a licensed patent was "invalid and not infringed." 549 U.S. at 128. However, the plaintiff did not refuse to pay royalties or otherwise repudiate the license. As a result, the Supreme Court stated that threat of an infringement lawsuit was "at least remote, if not nonexistent." *Id*. The Court

---

[1] Defendants insinuate that they have been willing to enter a permanent injunction, but this does not accurately reflect the parties' negotiations to date. As it stands, Defendants have not consented to entry of a permanent injunction, and thus there is clearly a case and controversy with respect to the accused products.

continued, "[a]s long as those payments are made, there is no risk that respondents will seek to enjoin petitioner's sales. Petitioner's own acts, in other words, eliminate the imminent threat of harm." *Id*.

Nevertheless, the Supreme Court found that there was a "case or controversy" for the purposes of Article III and the Declaratory Judgment Act, holding that a declaratory judgment plaintiff must show that the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id*. at 127 (internal quotations and citations omitted). Put differently, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quoting *Maryland Cas. Co. v. Pac. Caol & Oil Co,*, 312 U.S. 270, 273 (1941)). Here, Shibumi easily satisfies these requirements, as noted in Shibumi's Motion. *See* Dkt. 79 at 9-12. "[I]f 'a party has actually been charged with infringement of the patent, there is, <u>necessarily,</u> a case or controversy adequate to support [declaratory judgment] jurisdiction.'" *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) (quoting *Cardinal Chem. Co. v. Morton Int'l,* 508 U.S. 83, 96 (1993)).

As the Supreme Court recognized, there is no bright-line rule for distinguishing cases that satisfy the actual case or controversy requirement from those that do not. *See MedImmune,* 549 U.S. at 127. Tellingly, despite being one of the Supreme Court's most recent treatment of "case or controversy" in the context of a declaratory judgment, Defendants do not cite *MedImmune* at

4

all. Shibumi has satisfied the actual case or controversy requirement and thus declaratory judgment jurisdiction exists.

### C. A Case or Controversy May Exist When a Preliminary Injunction Prevents Infringement

Courts routinely consider declaratory judgment actions even when there is no current threat of infringement because of licenses. *See, e.g.*, *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191 (2014) (examining a request for a declaration of noninfringement brought by a patent licensee); *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1370 (Fed. Cir. 2007) (examining request for declaration of invalidity brought by a patent licensee). A patent license is similar in effect to a preliminary injunction in that both completely prevent a finding of active or ongoing infringement. Infringement involves the use of an invention "without authority." 35 U.S.C. § 271. As such, conduct undertaken pursuant to a license cannot be infringing. Just as a court may have declaratory judgment jurisdiction over noninfringement claims by a licensee, a case or controversy may exist when there is a preliminary injunction preventing infringement, as it does here. "[T]he now more lenient legal standard facilitates or enhances the availability of declaratory judgment jurisdiction in patent cases," including situations like here, where Shibumi seeks to add claims for newly issued, related patents after a preliminary injunction has issued. *Micron Tech., Inc.*, 518 F.3d at 902 (citations omitted). Shibumi has presented facts to support that a case or controversy exists.

### D. Defendants' Arguments Lead to Nonsensical Results

Under Defendants' logic, in a lawsuit (patent or otherwise) seeking only declaratory relief and a permanent injunction, a preliminary injunction would render any future remedies "speculative." As a result, Defendants would argue that, once a preliminary injunction issues, no "case or controversy" can exist regarding the ultimate declaratory relief and permanent

5

injunction relief because any conduct occurring after the end of the suit would be "in the future." The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Defendants would have the Court believe that every injunction—preliminary or permanent—would moot further proceedings by removing the controversy. That is of course not the law. Here, but for the pending suit, there would be infringement of the New Patents. Shibumi cannot be required to withdraw this suit solely to create declaratory judgment jurisdiction in order to file suit alleging all five patents. In fact, Defendants fail to cite a single case (and Shibumi is aware of none) that would stand for this nonsensical result. Plainly, a preliminary injunction does not deprive a federal court of Article III jurisdiction over claims regarding future conduct. A finding that a plaintiff is likely to succeed on the merits clearly cannot prevent the plaintiff from actually succeeding on the merits. Courts therefore apply a more flexible standard of *MedImmune* to the "case or controversy" analysis, which Shibumi clearly meets, as discussed above.

### E.     Shibumi Did Not Delay and Defendants Cannot Show Undue Prejudice

Defendants' argument that Shibumi delayed in bringing its Motion to Amend (Opp. at 15-16) directly contradicts its other arguments that the causes of action are premature and speculative given the injunction. Defendants also misstate the law regarding delay, because even if the Court were to find undue delay, that alone cannot defeat a motion to amend. *Church Mut. Ins. Co. v. Storm Team Constr., Inc.*, No. 2:21-CV-31-D, 2022 WL 990511, at *6 (E.D.N.C. Mar. 31, 2022) (citing *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012)). But there was no undue delay here; Shibumi moved to amend as soon as practicable given the issuance of the patents, the procedural posture of this case, and Shibumi's proper investigation of its infringement allegations. *SZ DJI Tech. Co. v. Yuneec Int'l Co.*, No. ED CV 16-0595-BRO

6

(KKx), 2016 WL 9150618, at *2 (C.D. Cal. Dec. 1, 2016) ("[T]he five newly-asserted patents have all issued in the last year. It takes time to undergo a thorough investigation of potential infringement allegations. The Court does not wish to discourage future plaintiffs from carefully investigating infringement before making allegations, especially where, as here, the request for amendment is made before the scheduling order deadline.") (emphasis added). Also fatal to Defendants' position is that Defendants were on notice of Shibumi's intent to add at least two of the New Patents since at least February 23, 2022, and thus cannot allege any undue surprise or prejudice in Shibumi seeking leave to add the New Patents.[2] *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). Thus, Defendants' allegation that Shibumi's "delay" in seeking to add three patents that have issued within the last fourteen months is an insufficient basis to deny Shibumi leave to amend. *Vineyard Investigations v. E. & J. Gallo Winery*, No. 119CV01482NONESKO, 2021 WL 4896199, at *4 (E.D. Cal. Oct. 20, 2021) (despite plaintiff waiting fourteen months after the issuance of the patent to seek amendment, finding "any undue delay [as] an insufficient basis to deny leave to amend" where there was "no undue prejudice to Defendant or bad faith on Plaintiff's part").

Defendants argue that Shibumi's amendments would present undue prejudice because the addition of the New Patents would require additional discovery and additional claim construction and merits briefing. Opp. at 14. Not so. The parties have yet to engage in any discovery, and the claim construction performed by the Court was preliminary in nature, and solely for the

---

[2] The only one of which Defendants were not given advance notice was the most recent to issue, U.S. Patent No. 11,299,904, issued on April 12, 2022. *See* Dkt. 75-14.

purpose of the Preliminary Injunction Motion. The parties will still submit full claim construction briefing and the Court will issue a claim construction order, none of which has occurred to date. In fact, the parties agreed that the deadline for amended pleadings would be thirty (30) days after entry of the Court's claim construction order, per the 26(f) report exchanged on September 26, 2022. Dkt. 79-2 at 14. Defendants' alleged prejudice amounts to defending a lawsuit, and certainly doesn't rise to the level of prejudice required to prohibit Shibumi from amending its complaint. Amended and supplemental claims are frequently added to existing lawsuits. *See, e.g.*, *Abbott Labs. v. Inverness Med. Tech.*, No. Civ. A. 98-10674, 2002 WL 1906533, at *3 (D. Mass. Aug. 19, 2002) (allowing the patentee to supplement complaint with an additional patent); *Procter & Gamble Co. v. McNeil-PPC, Inc.*, No. 98–361, 1998 WL 1745118, at *2-3 (D. Del. Dec. 7, 1998) (same); *Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558-60 (D. Del. 2006) (allowed new patents into suit on the same technology as the previously asserted patents); *Intel Corp. v. Amberwave Sys. Corp.*, 233 F.R.D. 416, 418-419 (D. Del. 2005) (allowing supplemental complaint to add an additional recently issued patent because technology was "related"); *SanDisk Corp. V. STMicroelectronics, Inc.*, No. C 04-4379 JF (RS), 2009 WL 1404689, at *3 (N.D. Cal. May 2009) (no prejudice when adding two patents by amendment). Defendants will not be prejudiced by Shibumi's amendments and Shibumi did not delay in moving to amend. Therefore, leave to amend should be granted.

**F.      Defendants' Approach Would Be Grossly Inefficient for Both the Courts and the Parties**

In deciding whether leave to amend should be granted to allow for the inclusion of additional patents, district courts often consider judicial economy. *See, e.g.*, *Paice LLC v. Hyundai Motor Co.*, No. WDQ-12-0499, 2013 WL 6709023, at *3 (D. Md. Dec. 17, 2013) ("Given that [the new asserted patent is similar to the current asserted patents], adding the [new

8

patent] to this case promotes judicial economy."); *Space Data Corp. v. X*, No. 16-CV-03260-BLF, 2017 WL 3007078, at *4 (N.D. Cal. July 14, 2017) (citations omitted) ("it does not serve judicial economy and ends of justice if [Plaintiff's] recourse is to file a separate case solely for the purpose of asserting additional patents") (citation omitted); *Aten Int'l Co., Ltd v. Emine Tech. Co.*, No. SACV09-0843AGMLGX, 2010 WL 1462110, at *5 (C.D. Cal. Apr. 12, 2010) ("adding the patents to the current lawsuit would save the Court and the parties costs, time, and effort when compared to another separate lawsuit"). Here, judicial economy dictates granting Shibumi leave to amend.

Defendants continue to assert that they do not infringe the Initial Patents, yet simultaneously argue that the New Patents, which are closely related to the Initial Patents, cannot be asserted in the same suit. *See* Opp. at 14. Under Defendants' theory, if they were to prevail on the claims relating to the Initial Patents, only then could Shibumi file suit regarding the New Patents. This case is a long way from conclusion, regardless of any amendment. Moreover, it would not make sense, from a judicial economy perspective, to have the new patent claims proceed as a second case. A second suit asserting the New Patents would "require a new docket, with perhaps a new judge, delving into a dispute that really belongs together. Given the overlap in allegations and parties and the interconnectedness of the dispute in this case, it is hard to envision a scenario where severance makes sense." *High 5 Games, LLC v. Marks*, No. 13-7161 (JMV), 2017 WL 349375, at *4 (D.N.J. Jan. 24, 2017). "Judicial economy and the interests of justice require the Court, in this instance, to allow all alleged facts to be included in one complaint: the Amended Complaint. . . . This approach prevents duplicative analysis and places this case on a trajectory to allow for the efficient administration of the matter." *Kenan v. Robert*

*Half Int'l Inc.*, No. 3:18-CV-00490-GCM, 2019 WL 2366451, at *1 (W.D.N.C. June 3, 2019). Thus, Shibumi should be granted leave to amend to add the New Patents to this suit.

## III.     SHIBUMI IS ENTITLED TO ITS ATTORNEYS' FEES

Defendants hook their request for Attorneys' Fees on the same baseless arguments used to argue Shibumi cannot bring its amended claims.  Namely, Defendants continue to argue that Shibumi has no justiciable right to assert its own patents.  The Court has the inherent power to assess attorneys' fees against Defendants in view of its refusal to consent to Shibumi's amended complaint given the circumstances in this case.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 955 (4th Cir. 1995).  Defendants have been on notice at least since February 23, 2022, when Shibumi informed Defendants of Shibumi's intent to amend its complaint to assert the newly issued patents.  The Court should exercise its inherent power to sanction Defendants, reject their request for fees, and award Shibumi its attorneys' fees incurred in preparing and filing this motion.  The request is narrowly tailored to ensure that the Court's inherent powers are "exercised with restraint and discretion." *Strag*, 55 F.3d at 955.

## IV.     CONCLUSION

For at least the foregoing reasons, Shibumi respectfully requests that the Court grant leave to file the First Amended Complaint attached as Exhibit A to Shibumi's Motion (Dkt. 78-1), and award Shibumi its fees associated with bringing this Motion.

Dated:   December 16, 2022

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Samuel B. Hartzell
Samuel B. Hartzell
North Carolina Bar No. 49256
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone:  919-755-2112
Facsimile:  919-755-6772
Sam.Hartzell@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 862-7527
Facsimile: (404) 879-2966
Preston.heard@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on December 16, 2022, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notifications of such filing to the counsel of record.

/s/ Samuel B. Hartzell
Samuel B. Hartzell