IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-256-FL

| | | |
|---|---|---|
| SHIBUMI SHADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BEACH SHADE LLC, and MATTHEW FINNERAN, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on plaintiff's motion for leave to file amended complaint (DE 78). The motion has been briefed fully, and the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action June 11, 2021, asserting claims for infringement of U.S. Patent Nos. 10,753,117 ("117 Patent") and 10,190,330 ("330 Patent") applying to plaintiff's beach shade product, known as the "Shibumi Shade"; violation of the Lanham Act, 15 U.S.C. § 1125(a); and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1. Plaintiff sought declaratory judgment; a temporary restraining order and preliminary and permanent injunctions; and unspecified monetary damages.

Defendants agreed by consent order not to sell or market the infringing product June 29, 2021. Thereafter, on plaintiff's motion, the court preliminarily enjoined defendants, on February 8, 2022, from the following:

1) continuing infringement of the claims of the '330 and '117 Patents; and

2) continuing manufacture, importation, use, sale, and offers to sell the "Beach Shade" product, whether in person, in brick-and-mortar retail stores, or through defendant Beach Shade's website, social media, or third-party online retailers.

 (DE 41 at 37).  The preliminary injunction remains in effect.

Following entry of initial order regarding planning and scheduling, the court granted in part and denied in part a motion for reconsideration by defendants, increasing the amount of an injunction bond ordered previously to $250,000.00.  The court also extended the time to file a Rule 26(f) report, which is now due 14 days after defendants have filed answer to the amended complaint or pleadings close.  The Federal Circuit dismissed December 14, 2022, an interlocutory appeal by defendants of the court's preliminary injunction and order on motion for reconsideration.

After filing of defendants' interlocutory appeal but before its disposition, plaintiff filed an amended complaint with exhibits.  Plaintiff withdrew its amended complaint following opposition by defendant, and instead filed the instant motion to amend, relying on its proposed amended complaint, a redline of its edits from the original complaint, a memorandum in support, three emails between plaintiff's and defendants' counsel, and a screenshot from defendant Beach Shade's website.  Defendants filed a response to the motion.  The amended complaint adds additional requested relief in the form of a declaration from this court that "the making, using, offering to sell, and/or selling within the United States, and/or importation into the United States of the Accused Product will constitute an infringement of the '690, '103, and '904 patents."  (DE 78-2 at 33).

2

**STATEMENT OF FACTS**

The relevant facts alleged in plaintiff's original complaint and motion for leave to file amended complaint may be summarized as follows. Plaintiff is a North Carolina-based corporation which manufactures and sells the Shibumi Shade. (See Compl. ¶ 1, 10). The Shibumi Shade is the subject of plaintiff's '117 Patent and '330 Patent, which describe "a system for providing shade onto a surface." ('117 Patent (DE 1-9) at 2; '330 Patent (DE 1-7) at 2). Defendant Beach Shade and its director, defendant Matthew Finneran, sell a similar product known as the Beach Shade ("accused product") through Beach Shade's website and Amazon. (Compl. ¶ 3, 4, 19-23).

Plaintiff subsequently obtained three additional patents covering the Shibumi Shade: the '690, '103, and '904 patents, ("new patents"). Plaintiff informed defendants of its intent to amend its complaint to include the new patents during the parties' first informal Rule 26(f) conference, on February 23, 2022.

**COURT'S DISCUSSION**

A.      Standard of Review

Where, as here, a party seeks leave to amend after a responsive pleading has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). A proposed amended complaint should be denied as futile if it "fails to

3

state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.        Analysis

Defendants argue that plaintiff's additional claims are futile because they do not fulfill the case or controversy requirement for Article III standing and do not give defendants adequate notice of the claims alleged, that amendment is unduly prejudicial to defendants, and that plaintiff delayed in bringing the motion. The court addresses each argument in turn.

1.        Futility

a.        Case or Controversy

The court addresses first whether plaintiff's motion to amend raises a case or controversy where the new patents were issued after entry of this court's preliminary injunction. "Article III of the Constitution confines the federal courts to adjudicating actual cases and controversies." Allen v. Wright, 468 U.S. 737, 751 (1984). Courts "enforce that requirement by insisting that a

4

plaintiff satisfy the familiar three-part test for Article III standing: that he 1) suffered an injury in fact, 2) that is fairly traceable to the challenged conduct of the defendant, and 3) that is likely to be redressed by a favorable judicial decision." Gill v. Whitford, 138 S.Ct. 1916, 1929 (2018). Plaintiffs seeking declaratory and injunctive relief must also "establish an ongoing or future injury in fact." Kenny, 885 F.3d at 287 (4th Cir. 2018). To meet this requirement, plaintiff's complaint must "plausibly alleg[e] a real and immediate threat of repeated injury." Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 455 (4th Cir. 2017).

A justiciable controversy exists where a court has ordered a party to respect the terms of a patent "under the compulsion of an injunction decree." Altvater v. Freeman, 319 U.S. 359, 365 (1943). "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." SanDisk Corp. v. STMicroelectronics, Inc., 48 F.3d 1372, 1381 (Fed. Cir. 2007); see also MedImmune Inc., v. Genetech, Inc., 549 U.S. 118, 130 (2007) (noting that "lower federal courts . . . have long accepted jurisdiction" in cases in "which the plaintiff's self-avoidance of imminent injury is coerced by the threatened enforcement action of a private party").

Here, plaintiff alleges that the same accused product referenced in its complaint violates the new patents. Where defendants have allegedly refrained from manufacture and sale of the accused product "under the compulsion of an injunction decree," their decision not to violate court orders cannot remove plaintiff's claim. Altvater, 319 U.S. at 365. Accordingly, plaintiff's proposed amendments present a live controversy justiciable by this court.

b.    Notice

Defendants argue in the alternative that plaintiff's new claims are futile because, with respect to the new patents, the complaint contains only "bare allegations" that "do not put [D]efendants on notice of any real claims." (DE 80 at 11). While a plaintiff in a patent case "is not required to plead infringement on an element-by-element basis," it must "place the alleged infringer on notice of what activity is being accused of infringement" according to "the standard the Supreme Court articulated in Iqbal and Twombly." Bot M8 LLC v. Sony Corporation of America, 4 F.4th 1342, 1352 (Fed. Cir. 2021). As explained above, "[a] complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (2009).

The proposed amended complaint alleges that the accused product violates "at least each and every element of Claim 1" of the '690 patent, (DE 78-2 at 21), "at least each and every element of Claim 21" of the '103 patent," (id. at 36), and "at least each and every element of Claim 19" of the '904 patent, (id. at 60). Plaintiff filed contemporaneously with its amended complaint, now withdrawn by consent, claim charts for each patent it sought to enforce which illustrate its claims through pictures, arrows, and specific language from the patents. (See DE 75-11, 13, 15). Defendants' argument that plaintiff's "allegations of infringement are only based on 'information and belief'," (DE 80 at 12) is contradicted by the ample evidence plaintiff has offered to provide, including photographs from defendant Beach Shade's website, (DE 79-4) and annotated photographs from Beach Shade's website and Amazon listing (DE 75-13). Accordingly, the proposed amendments are not futile where they adequately provide notice of the alleged infringing activity.

6

Defendants' additional argument that plaintiff seeks to "conduct a fishing expedition" to validate "speculative claims," (DE 80 at 13), fails for the reasons explained above. Where plaintiff has alleged a live controversy and pleaded specific claims supported by evidence, no basis exists to characterize plaintiff's claims as speculative or to prevent the parties from engaging in discovery.

2.      Undue Prejudice

The court next addresses defendants' argument that the proposed amendment would cause undue prejudice where it would "require [d]efendants to defend additional discovery." (DE 80 at 16). "An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006); see also Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.").

Plaintiff's proposed amended complaint adds additional legal theories of recovery, namely infringement of the new patents, (see DE 78-2 at 20-26), but the facts alleged remain substantially the same, (see id. at 3-20). Under this court's October 31, 2022, order granting the parties' joint motion for extension, the parties' rule 26(f) report proposing a joint discovery plan is not due until 14 days after defendants have filed answer to the amended complaint or pleadings close. Defendants' reliance on Hatteras/Cabo Yachts, LLC v. M/Y EPIC, in which plaintiffs sought leave to amend a complaint three weeks after discovery had closed, is therefore misplaced. See Hatteras/Cabo Yachts, LLC v. M/Y EPIC, No. 4:17–CV–00025–BR, 2020 WL 1668045 (E.D.N.C. 2020). Accordingly, where the proposed amended complaint asserts a new theory of

recovery without alleging substantially different factual matter and where discovery has not yet begun, granting plaintiff's motion will not unduly prejudice defendants.

Defendants' recapitulation of the argument that the proposed amendment is prejudicial where it precedes "an active case of infringement" and "rulings from this court would constitute advisory opinions" are addressed in section B.1.a above. Where the imposition of an injunction does not deprive the court of jurisdiction, plaintiffs have alleged an ongoing controversy ripe for adjudication by this court. See Altvater, 319 U.S. at 365 (1943).

3.      Delay

Defendants argue finally that plaintiff delayed in bringing its motion. "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." Laber, 438 F.3d at 427. "Without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent," leave to amend should be granted. Davis, 615 F.2d at 613. As the court has explained above, no prejudice resulted from any alleged delay by plaintiffs, and defendants do not allege any dilatory motive. Delay, therefore, is not a sufficient reason to deny leave to file an amended complaint.

**CONCLUSION**

Based on the foregoing, plaintiff's motion for leave to file amended complaint (DE 78) is GRANTED.

SO ORDERED, this the 6th day of January, 2023.

LOUISE W. FLANAGAN
United States District Judge

8