| | | |
|---|---|---|
| SHIBUMI SHADE, INC. | ) | |
| | ) | Civil Action No: 5:21-cv-256 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT OF PARTIES' PLANNING** |
| | ) | **MEETING PURSUANT TO RULE 26(f)** |
| BEACH SHADE LLC, and | ) | |
| MATTHEW FINNERAN | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. RULE 26(f) CONFERENCE

The following persons participated in a Rule 26(f) conference on February 28, 2023 by telephone conference:

1. Preston H. Heard for Plaintiff Shibumi Shade, Inc. ("Shibumi Shade"); and

2. Rob Van Arnam for Defendants Beach Shade LLC and Matthew Finneran (collectively, "Beach Shade").

## II. INITIAL DISCLOSURES

The parties will complete the initial disclosures required by Rule 26(a)(1) within 14 days after the filing of this Rule 26(f) Report.

## III. CASE MANAGEMENT REPORT AND PLAN

### A. Nature and Complexity of the Case

Plaintiff Shibumi Shade asserts claims of (1) patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271, (2) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and (3) unfair and deceptive trade practices pursuant to N.C. Gen. Stat§§ 75-1.1. This Court has subject matter jurisdiction over Shibumi Shade's claims pursuant to 28 U.S.C. §§ 1331

and 1338(a) because Shibumi Shade's claims arise under the patent laws of the United States and the Lanham Act. This Court has subject matter jurisdiction over Shibumi Shade's remaining claims pursuant to 28 U.S.C. § 1367. Defendant Beach Shade denies that it infringes or is otherwise liable to Shibumi Shade. Beach Shade has asserted counterclaims and affirmative defenses of, *inter alia*, non-infringement and invalidity of the asserted patents.

At this time, the key legal and factual issues in this case include (1) whether U.S. Patent No. 10,190,330 ("the '330 Patent") and U.S. Patent No. 10,752,117 ("the '117 Patent"), U.S. Patent No. 11,111,690 ("the '690 Patent"), U.S. Patent No. 11,255,103 ("the '103 Patent"), and U.S. Patent No. 11,299,904 ("the '904 Patent") (together "Asserted Patents") are valid and enforceable; (2) whether Shibumi Shade's asserted trade dress is valid and enforceable; (3) whether Beach Shade's products infringe the Asserted Patents and infringe Shibumi's rights under the Lanham Act; (4) whether Beach Shade is liable to Shibumi Shade for unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*; (3) (4) whether Shibumi is entitled to damages, including treble damages; (5) whether Shibumi is entitled to permanent injunctive relief requested by Shibumi Shade; and (6) whether either party is entitled to attorney's fees, costs and expenses.

### B.    Plan for Proposed Discovery

1.    The subjects on which discovery may be needed include: all claims, defenses, and damages alleged in the action by any party.

2.    In keeping with the Local Patent Rules, the parties agree to phased discovery by (a) including dates in the proposed schedule for exchange of disclosures of preliminary infringement contentions and preliminary invalidity contentions (and associated productions of documents); (b) providing dates for conducting discovery relevant to claim construction issues as set forth in the

1

proposed schedule; (c) including a date in the proposed schedule for completion of fact discovery 90 days after entry of the claim construction order; and (d) providing dates in the proposed schedule for exchanging expert disclosures and conducting expert discovery following completion of fact discovery. Given the injunction already entered in the case and to streamline the proceedings, the proposed schedule bifurcates claim construction and full fact discovery, as set forth below in Section I, paragraph 5.

3.      Unless otherwise specified, discovery will proceed as provided by the Federal Rules of Civil Procedure, the Local Civil Rules (including the Local Patent Rules), and such Case Management Order as may be entered by the Court.

4.      The parties agree to a maximum of eight depositions of fact witnesses (party and non-party) by each side. The parties may depose disclosed experts, and any such depositions of disclosed experts shall not count against the limit on the number of depositions. A deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be considered a single deposition for purposes of the limit on the number of depositions, regardless of the number of individuals the responding party designates to testify. Unless otherwise stipulated, depositions shall be limited to seven hours in length on a single day. The parties may seek to modify these limits by agreement or order of the Court.

5.      Maximum of 25 interrogatories (including discrete subparts and contention interrogatories) by each side.

6.      Maximum of 40 requests for admission by each side, but this number does not include requests for admission for authentication of documents, which are not limited.

7.      The parties agree that there should not be a limit to the number of requests for production by each side.

2

8. All documents that are to be served shall be served by email or by filing them with the Court's CM/ECF system in accordance with Fed. R. Civ. P. 5(b)(2)(e) and 6(d). If the exhibits to a document (e.g., a brief or motion) are too voluminous to email, then the main document will be sent by email and the exhibits will be made electronically available by ShareFile, Mimecast, or other electronic document sharing service at the same time. In this paragraph, "documents" means pleadings, notices, motions, written discovery, written discovery responses, disclosures, and other instruments formally served pursuant to the Federal Rules of Civil Procedure, the Local Civil Rules, or such Case Management Order as may be entered by the Court and does not include documents produced in response to requests for production of documents.

9. The parties anticipate that a portion of the documentary discovery disclosed will be electronically stored information. The parties intend to work together on the extent, scope and handling of discovery of electronically stored information and will endeavor to continue such discussions throughout the initial phases of discovery. The parties will cooperate to produce electronically stored information in mutually agreeable formats and media. The parties do not currently foresee any significant e-discovery issues that would require the Court's intervention.

10. The parties agree that a protective order governing the use and disclosure of confidential information should be entered in this proceeding. The parties intend to work together to prepare a proposed protective order for the Court's consideration.

11. The parties anticipate that they will raise objections based on privilege or work product protection as trial-protection materials. The parties agree to address specific issues relating to claims or privilege or protection and trial-preparation materials in their proposed protective order.

3

12. The parties agree that claim construction and limited fact discovery shall open on March 3, 2023. The parties propose that fact discovery close 120 days after the Court enters its claim construction order. The parties' proposed schedule includes a separate claim construction, fact discovery, and expert discovery period. For clarity, the separate expert discovery period does not include any expert discovery undertaken as part of claim construction.

13. No particular discovery problems are anticipated at this time.

**C. Proposed Deadlines**

The parties' proposed schedule for this case is set forth in tabular form in Exhibit A. Because the parties propose that the deadlines for the completion of fact and expert discovery and the deadline for filing dispositive motions be based upon the date that the Court's claim construction order is entered, the parties request that the Court defer setting a trial date until after the claim construction order is entered or after dispositive motions are decided. All parties have requested trial by jury as to all issues so triable.

**D. Settlement**

The parties propose to conduct mediation near the close of fact discovery. The parties intend to select a mediator and will advise the Court of the selection.

**E. Magistrate Judge**

The parties do not consent to a magistrate judge conducting all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Federal Circuit Court of Appeals), and Local Civil Rule 73.1.

**F. Pretrial Conference**

The parties do not request a Rule 16(b) conference prior to the Court entering a Case Management Order.

4

### G. Length of Trial

At this time, the parties estimate a trial length of approximately five (5) trial days.

### H. Scheduling Issues

At this time, the parties do not anticipate any scheduling issues that will affect the scheduling or course of these proceedings.

### I. Local Patent Rule 302.1(a) Issues

The result of the parties' discussion of the issues outlined in Local Patent Rule 302.1(a) are:

1. At this time, the parties anticipate that they may seek to present live testimony at the claim construction hearing. The parties intend to revisit this issue upon completion of claim construction briefing and will inform the Court promptly of their decision and proposal.

2. The parties agree there is no need for any specific limits on discovery related to claim construction.

3. At this time, the parties propose that the order of presentation at the claim construction hearing be that the party proffering the disputed term and claim element for construction will be heard first, followed by the other party. For any term or claim element proffered by both parties, plaintiff shall present first followed by defendant. The parties intend to revisit this issue upon completion of claim construction briefing and will inform the Court promptly in the event of any change in their current view.

4. At this time, the parties do not request that a claim construction prehearing conference be held. The parties intend to revisit this issue upon completion of claim construction briefing and will inform the Court promptly in the event of any change in their current view.

5

5.      In light of the preliminary injunction in this matter, the parties propose to bifurcate claim construction discovery from discovery related to infringement and damages issues.  The parties will only conduct discovery related to claim construction and as contemplated by the Local Patent Rules until after a claim construction ruling, except that during this initial period, Plaintiffs may serve to no more than two interrogatories concerning the identification of accused products.

6.      At this time, the parties do not anticipate a need for a Special Master in this case.

7.      The parties have discussed the need for a protective order to protect confidential information. The parties intend to work together to prepare a proposed protective order for the Court's consideration.

8.      At this time, the parties do not believe a hearing is necessary to provide the Court with an overview of the technology at issue in this case. The parties intend to revisit this issue upon completion of claim construction briefing and will inform the Court promptly in the event that they determine that a hearing to provide an overview of the technology at issue would be useful. Should the Court request a technology overview, the parties will be pleased to provide one at the Court's convenience.

Dated: March 3, 2023                            Respectfully submitted,

**WILLIAMS MULLEN**                             **WOMBLE BOND DICKINSON (US) LLP**

By: /s/ *Robert C. Van Arnam*                   /s/ *Samuel B. Hartzell*
Richard T. Matthews                             Samuel B. Hartzell
N.C. Bar. #32817                                North Carolina Bar No. 49256
Robert C. Van Arnam                             555 Fayetteville Street, Suite 1100
N.C. Bar # 28838                                Raleigh, North Carolina 27601
Andrew R. Shores                                Telephone:  919-755-2112
N.C. Bar # 46600                                Facsimile:  919-755-6772
P.O. Drawer 1000                                Sam.Hartzell@wbd-us.com
Raleigh, NC 27602-1000

6

Telephone: (919) 981-4000
Fax:  (919) 981-4300
rmatthews@williamsmullen.com
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Attorneys for Defendants*

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 862-7527
Facsimile: (404) 879-2966
Preston.heard@wbd-us.com
Telephone: (404) 888-7466

*Attorneys for Plaintiff Shibumi Shade, Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on March 3, 2023, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notifications of such filing to the counsel of record.

*/s/ Samuel B. Hartzell*
Samuel B. Hartzell

**EXHIBIT A**

| Event | Date |
|---|---|
| Exchange of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | March 14, 2023 |
| Opening of claim construction and limited fact discovery | March 3, 2023 |
| Plaintiff's disclosure of asserted claims and preliminary infringement contentions (LPR 303.1)<br><br>Document production accompanying disclosure of asserted claims and preliminary infringement contentions (LPR 303.2) | March 24, 2023 |
| Defendants' disclosure of preliminary invalidity contentions (LPR 303.3)<br><br>Document production accompanying disclosure of preliminary invalidity contentions (LPR 303.4) | May 8, 2023<br><br>(45 days after service of preliminary infringement contentions) |
| Exchange of proposed terms and claim elements for construction (LPR 304.1) | June 5, 2023<br><br>(28 days after service of preliminary invalidity contentions) |
| Exchange of preliminary claim constructions and extrinsic evidence, including disclosures concerning percipient or expert witnesses information (LPR 304.2) | June 26, 2023<br><br>(21 days after exchange of proposed terms and claim elements for construction) |
| Joint claim construction statement (LPR 304.3) | July 7, 2023<br><br>(60 days after service of preliminary invalidity contentions) |
| Deadline to exchange expert declarations in support of claim construction. | August 7, 2023<br><br>(30 days after service of joint claim construction statement) |
| Completion of claim construction discovery (LPR 304.4) | September 6, 2023<br><br>(30 days after service of expert declarations) |
| Opening claim construction briefs due (LPR 304.5(a)) | October 5, 2023<br><br>(29 days after completion of claim construction discovery) |
| Responsive claim construction briefs due (LPR 304.5(b)) | October 26, 2023 |

1

| Event | Date |
|---|---|
|  | (21 days after service of opening claim construction briefs) |
| Claim construction hearing (LPR 304.6) | TBD |
| Deadline to amend pleadings or add parties | April 25, 2023<br><br>(60 days after Rule 26(f) Meeting |
| Final infringement contentions (LPR 303.6(b)) | Will be made if an exception under LPR 303.6 applies, 30 days after entry of claim construction order |
| Final invalidity contentions (LPR 303.6(d)) | Will be made if an exception under LPR 303.6(d) applies 50 days after entry of claim construction order |
| Deadline for disclosure of reliance on advice of counsel (LPR 303.8) | 30 days before close of fact discovery |
| Close of fact discovery | 120 days after entry of claim construction order |
| Parties each serve expert witness disclosures (including reports) on issues on which it bears the burden of proof (LPR 305.1(b)) | 30 days after close of fact discovery |
| Parties each serve expert witness disclosures (including reports) on issues on which the other party bears the burden of proof (LPR 305.1(c)) | 30 days after service of initial expert reports |
| Parties each serve any rebuttal expert witness disclosures (including reports) (LPR 305.1(d)) | 21 days after responsive expert reports |
| Beginning of expert depositions (LPR 305.2) | 7 days after rebuttal expert reports |
| Close of expert discovery (LPR 305.2) | 60 days after rebuttal expert reports |
| Dispositive and *Daubert* motions due (LR 7.1) | 30 days after close of expert discovery |
| Final Pretrial Conference | TBD |
| Start of trial | TBD |