**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SHIBUMI SHADE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21-CV-256-FL** |
| | ) | |
| **BEACH SHADE, LLC and** | ) | |
| **MATTHEW FINNERAN** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPLY IN SUPPORT OF MOTION TO EXTEND TIME FOR THE COMPLETION OF DEPOSITIONS AND BRIEFING FOR CLAIM CONSTRUCTION

Beach Shade for its Reply briefly responds to Shibumi's opposition to extend the claim construction period for depositions. The fact that such filings have to be made is disappointing. A routine extension due to a trial conflict, the date of which was recently confirmed, should not be objectionable. There is no dispute that: both parties need additional time to complete expert depositions; Beach Shade's counsel has a conflict due to a October 2 trial with many pre-trial deadlines; and there is nothing pending in this case that prejudices either party by a brief extension of the period. Defendants are still willing to try to make Mr. Babcock available in September (even though that is a disadvantage to Beach Shade) but scheduling has been extremely difficult.

Shibumi had no interest in deposing Beach Shade's expert Mr. Babcock until Beach Shade sought to depose Shibumi's expert Mr. Melamed. Now it will only agree to extend the period if it can dictate when the depositions take place. Beach Shade could not depose Mr. Melamed on the only two days he was offered (September 6 and 7) due to conflicts including a September 7 settlement conference in the IWCLA Case. The case did not settle.

Beach Shade offered Mr. Babcock for deposition the week of September 17 because he had some availability, but now counsel does not. Beach Shade is still trying to identify a date that that could work, but Shibumi offers no explanation why it cannot take Mr. Babcock's deposition later in October. Beach Shade gains nothing and Shibumi loses nothing by extending the period by a month. Shibumi's allegations that Beach Shade has a "preference to delay these proceedings" makes no sense. If that means Beach Shade prefers to briefly extend claim construction discovery and briefing because its counsel is now going to be in trial in another case – that is correct – Beach Shade does have that preference and respectfully makes that request, to which most parties and counsel would readily consent.

Claim construction is a process and narrowing the claims to be construed is routine. Beach Shade has significantly reduced the number of claims to be construed, but somehow Shibumi is still complaining about it. And it was Beach Shade's expert, not Shibumi's, that had to write a more extensive report on a larger number of claim terms, so it is unclear how Shibumi could possibly claim it was disadvantaged.

Shibumi cites to the docket in the IWLCA Case ignoring the realities of trial settings. As Shibumi counsel knows well, trial dates are often set long in advance as placeholders but are often continued due to the court's other cases, dispositive motions and settlement. (Indeed, counsel for Shibumi reported that same experience in the Fall of 2022 with a pending trial it had). The parties' motions for summary judgment in the IWLCA Case have been pending since February 2023 and are still pending. On August 25, 2023, Judge Schroeder set a final pre-trial conference for September 18, 2023 (Dkt. 156 in that case) giving the first indication that the trial would proceed as originally scheduled. That and failed settlement talks immediately thereafter gave a strong indication that the IWLCA Case would indeed go to trial October 2 and that Beach Shade would

2

have a conflict with the deadlines here. Beach Shade did not raise the conflict of the IWLCA Case previously, but it was not yet a conflict and frankly it was concerned Shibumi might do what it is now doing—trying to take advantage of that scheduling issue to prejudice Beach Shade.

As part of the parties' discussions, Beach Shade did raise again the prospect of settlement as the case makes little economic sense given that Beach Shade sold a very limited number of its shades before it agreed to a voluntary cessation and then was enjoined. Shibumi counsel was initially receptive and agreed that such a resolution on injunctive terms made sense but has now reversed course. There are no real damages in this matter, but Shibumi persists to make Beach Shade incur additional fees and expenses. Ultimately, it has that right, but it also loses nothing by waiting a few additional weeks to conclude claim construction discovery and briefing, which will not change the other deadlines in the case.

Respectfully submitted, this the 11th day of September, 2023.

WILLIAMS MULLEN
By: */s/ Richard T. Matthews*
Richard T. Matthews
N.C. Bar. #32817
Robert C. Van Arnam
N.C. Bar # 28838
Andrew R. Shores
N.C. Bar # 46600
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
rmatthews@williamsmullen.com
rvanarnam@williamsmullen.com
ashores@williamsmullen.com

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

By: */s/ Richard T. Matthews*
Richard T. Matthews

*Attorneys for Defendants*

4